# Smith, Appellant, *v.* Stevenson.

*Trusts and trustees—Attorney at law—Sale of interest in decedent's estate—Fraud—Burden of proof—Evidence.*

In an action against an attorney at law by a son of a decedent to recover an interest in his father's estate, assigned by an instrument in writing to defendant, the evidence is not sufficient to establish a trust relation between the parties so as to place upon the defendant the burden of proving the fairness of the transaction, where it appears that at one time by an agreement among the heirs, defendant had bought in the property for them at an orphans' court sale at a nominal price, but that this sale was set aside upon objections among others of the plaintiff, and that at a subsequent sale defendant, who had in the meantime bought the interests of most of the heirs, including the plaintiff, who was in haste to realize his interest in money, purchased the property in his own right as the highest bidder for its full value.

Argued Oct. 29, 1902. Appeal, No. 78, Oct. T., 1902, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 242, refusing to set aside nonsuit in case of John A.

Smith v. M. H. Stevenson.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit to recover the value of an interest in a decedent's estate.   Before STOWE, P. J.

From the record it appeared that on January 29, 1894, plaintiff executed an agreement in writing whereby for the consideration of $500, he assigned to defendant all his interest in the property of his father, Stephen Smith, deceased, and of his brother, William Smith, deceased, " whether the said property be real, personal or mixed." It appeared that prior to this time defendant had bought in the property as an attorney at law for the heirs of Samuel Smith at a nominal price, but that this sale had been set aside. At a sale following the assignment of plaintiff's interest, defendant purchased the property in his own right as the highest bidder for its full value.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*S. S. Mehard,* with him *Harvey A. Miller,* for appellant.

*D. F. Patterson,* for appellee.

PER CURIAM, November 10, 1902:

The plaintiff's claim to recover the value of his interest in his father's estate was met by his own written agreement of sale to defendant. Plaintiff himself was the only witness produced to avoid the effect of the writing, and this was totally insufficient to establish a trust or authorize the submission of the question of reformation of the contract to the jury.

Recognizing the force of this objection, counsel argue that the previous transactions between the parties had established a relation of trust and confidence which put upon the defendant the burden of showing that the agreement was fair, the price adequate, and the plaintiff properly informed of the facts and his rights. The learned judge below, however, properly held that the evidence was insufficient for this purpose. The defendant, though an attorney at law, was not attorney for plaintiff

when he acquired title. By agreement among the heirs, defendant had bought in the property for them at an orphans' court sale in 1894 at a nominal price, but this sale was set aside upon objections, among others, of this plaintiff; and at the subsequent sale, defendant, who had in the meantime bought the interests of most of the heirs, including the plaintiff who was in haste to realize his interest in money, purchased the property in his own right as the highest bidder for its full value. Whatever relation of trust had previously existed was completely terminated by that sale.

Judgment affirmed.